**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| KENNETH GRABLE and ARTHUR REDDING, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civil Action No.: |
| v. | |
| C P SECURITY GROUPS, INC, | 5:21-cv-00095 |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW Plaintiffs Kenneth Grable and Arthur Redding, individually and on behalf of all others similarly situated, and bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiffs allege that Defendant C P Security Groups, Inc willingly failed to properly compensate Plaintiffs, including the failure to compensate Plaintiffs at the rate of overtime and failure to compensate Plaintiffs at least minimum wage for hours worked, and that Defendants C P Security Groups Inc subjected Plaintiffs to retaliation after they questioned their compensation or made a complaint,  and respectfully show the Court as follows:

### JURISDICTION AND VENUE

1.

This Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331.

2.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiffs were and are employed and the events underlying this action occurred in Macon, Bibb County, Georgia, which is located within this judicial district.

## PARTIES

3.

Plaintiff Kenneth Grable (hereinafter, "Grable"), Plaintiff Arthur Redding (hereinafter, "Redding"), and all others similarly situated (hereinafter, collectively, "Plaintiffs") are citizens of the United States and residents of Georgia.  At all times relevant to this suit, Plaintiffs were employed with Defendant C P Security Groups Inc.

4.

At all relevant times, Plaintiffs were considered covered, non-exempt employees under the Fair Labor Standards Act.

5.

Defendant C P Security Groups Inc (hereinafter, "Defendant") is a domestic profit corporation, incorporated under the laws of the State of Georgia.

6.

Defendant's principal office address is 832 Walnut Street, Suite A, Macon, Bibb County, Georgia 31201, and Defendant may be served with process through its registered agent, Christopher J. Paul, at 3316 Trotters Ridge Trail, Gray, Jones County, Georgia 31032.

7.

Defendant is a private employer engaged in interstate commerce, with an annual revenue in excess of $500,000.00.

8.

Defendant is a covered employer, enterprise, and person within the meaning of the Fair Labor Standards Act.

## STATEMENT OF FACTS

9.

Plaintiffs hereby plead and incorporate by reference all of the allegations contained in Paragraphs 1 through 8, as if the same were set forth herein.

10.

Defendant's founder, owner, and Chief Executive Officer, Defendant Paul, has experience in law enforcement and currently serves as a sergeant with the Bibb County Sheriff's Office.

11.

Defendant offers private security services to other businesses, and Defendant is purportedly the only security consulting firm based in Macon.

12.

Defendant provides such security services to other businesses engaged in commerce and the production of goods for commerce, and its clients include Macon Transit Authority, Greyhound, Walsh Honda, Macon Marriott City Center, Sutton automotive dealerships, Kumho Tire, and Irving Consumer Products.

13.

Plaintiffs are employed with Defendant as Security Officers. Mr. Grable has worked for Defendant since June 2019, while Mr. Redding has been employed since 2014.

14.

Plaintiffs often work overnight shifts, as well as twelve-hour shifts seven days per week.

15.

As a result, Plaintiffs frequently work 70 to 80 hours or more each workweek.  As a result, it is common for Plaintiffs to receive a paycheck with 140 to 190 hours worked in a given pay period.

16.

When Plaintiffs begin or end their shift, they are required to "clock-in" and "clock-out" using an internet-based timeclock on their mobile telephone.  When Plaintiffs initially clock in and out, the records largely reflect the actual time worked.

17.

When Plaintiffs receive their paychecks, the amount of time for which each employee is receiving compensation is indicated on a paystub, including hours paid at the regular rate of pay and those paid at the overtime rate.

18.

Prior to approximately 2019, Defendant did pay some amount of overtime compensation to its employees who worked in excess of 40 hours per workweek.

19.

However, it is unclear whether employees earning overtime during this time were properly paid.  For example, during the pay period ending on May 13, 2018, Mr. Redding's pay stub reflects that he worked 9.3 hours of overtime, and he received overtime compensation at the rate of $13.13 in the total amount of $124.75.  For the remainder of 2018, each of Mr. Redding's paystubs reflected $124.75 in overtime pay, even during pay periods like that ending on September 30, 2018, where Mr. Redding worked 156 hours during the pay period.

20.

At some time in 2019, Mr. Redding realized that there might be a problem with his overtime pay, which he confirmed upon review of a notice posted at his Kumho Tire assignment about the Fair Labor Standards Act.

21.

Mr. Redding sent a letter to Defendant via certified mail to inquire as to his overtime pay. Mr. Redding confirmed that Defendant received the correspondence, but he did not receive a response.

22.

Mr. Redding also asked about his overtime compensation in an in-person conversation with Defendant Paul. Defendant Paul said that Mr. Redding was not working overtime; rather, he was working "extra time."

23.

Another employee told Mr. Redding that, if he did not want to work the extra hours, he should give these hours to someone else to work.

24.

On another occasion, Mr. Grable asked Defendant Paul about overtime. Defendant Paul told Mr. Grable that Defendant was being investigated and audited.

25.

During this conversation, Defendant Paul also told Mr. Grable that auditors had told him that he was not permitted to give employees "extra time."

26.

During this conversation, Defendant Paul chastised Mr. Grable for discussing matters involving compensation with other employees.

27.

Plaintiffs have reason to believe that Defendant is not actually under audit by any state or local agencies and that Defendant Paul said there was an audit in an attempt to try to convince Plaintiffs that regulators were already looking into the matter and to otherwise discourage Plaintiffs from making another complaint.

28.

However, Plaintiffs do believe that this is not the first time that Defendant's employees have made complaints, whether formal or informal, concerning overtime compensation.

29.

On occasion, Defendant has either reassigned or taken away hours from Mr. Grable, Mr. Redding, and other employees who have complained about or otherwise raised the issues about overtime compensation.

30.

In addition to Defendant failing to compensate Plaintiffs at an overtime rate, Defendant sometimes fails to pay Plaintiffs at all for hours actually worked by Plaintiffs.

31.

For example, On October 11, 2020, Mr. Grable clocked-in using the online timeclock. However, according to the records, there is no clock-out listed, and it appears that Mr. Grable was not paid at all for his work that day.

32.

When an employer edits an employee's time records, such edits are visible to the employee, and any changes are listed in a different color.

33.

On a number of occasions, Plaintiffs have reviewed their time records and have observed that changes have been made to reduce the number of hours listed that Plaintiffs actually worked.

34.

As a result, Defendant not only failed to keep accurate records of its employee's time worked, Defendant took affirmative steps to fail to keep and maintain accurate records of Plaintiffs' time worked.

35.

As a result of the changes made by Defendant, Plaintiffs do not receive any compensation for some time actually worked by Plaintiffs.

36.

Notwithstanding the compensation that Defendant entirely failed to pay to Mr. Grable for time worked, Mr. Grable estimates that Defendant failed to pay approximately 1558 hours of overtime, or about $8,000.00 in overtime compensation, for the period between August 19, 2019 through November 22, 2020.

37.

Notwithstanding the compensation that Defendant entirely failed to pay to Mr. Redding for time worked, Mr. Redding estimates that Defendant failed to pay approximately 1215 hours of overtime, or about $6,000.00 in overtime compensation, for the period between August 19, 2018 through October 11, 2020.

38.

Defendant knew that Mr. Grable, Mr. Redding, and all other Plaintiffs similarly situated worked overtime without the proper compensation, and it willfully failed and refused to pay such Plaintiffs overtime compensation at the required rates.

39.

Defendant is aware of wage and hour laws, and its unlawful conduct has been widespread, repeated, consistent, and even continued after being questioned by multiple employees.

40.

With regard to Defendant's failure to compensate employees at all for certain hours worked or at the proper rate of overtime, Defendant did not have reasonable grounds to believe that its acts and omissions complied with the Fair Labor Standards Act.

41.

Similarly, Defendant's conduct was willful and taken in bad faith.

42.

Defendant's conduct has caused significant damages to Mr. Grable, Mr. Redding, and all others similarly situated, including having to incur attorney's fees and costs of litigation.

<u>Collective Action Allegations</u>

43.

Mr. Grable and Mr. Redding bring this action individually and on behalf of others similarly situated pursuant to 29 U.S.C. § 216(b). Said Plaintiffs and the similarly situated individuals worked as Security Guards for Defendant. The proposed collective is defined as follows:

> All persons who worked for Defendant as Security Guards, or other positions with similar titles and/or duties, who: 1) worked in excess of forty hours in a workweek, but were not compensated at a rate of time-and-one-half, at any time in the three (3) years prior to the commencement of this action; 2) were not compensated at

least at a rate of minimum wage for any hours actually worked at any time in the three (3) years prior to the commencement of this action; and/or, 3) questioned Defendant about matters involving compensation or complained, either internally or externally, about their compensation and were then subjected to some adverse action as a result (hereinafter, "FLSA Collective.").

44.

Mr. Grable and Mr. Redding have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b), and their respective consent forms are attached hereto.  (Docs. 1-1 & 1-2.) As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

45.

Mr. Grable, Mr. Redding, and the FLSA Collective are or were employed by Defendant within the meaning of the Fair Labor Standards Act.

46.

Defendant improperly classified Mr. Grable, Mr. Redding, and the FLSA Collective as exempt from the Fair Labor Standards Act overtime pay requirements.

47.

Mr. Grable, Mr. Redding, and the FLSA Collective routinely worked in excess of forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for the overtime that they actually worked.

48.

Defendant was not only aware that Mr. Grable, Mr. Redding, and the FLSA Collective worked hours that should have been considered overtime, but generally assigned employees to work time constituting overtime.

49.

Defendant is aware of the overtime requirements pursuant to the Fair Labor Standards Act.

50.

Despite Defendant's knowledge of both the overtime requirements and that its employees were working time constituting overtime, Defendant denied Mr. Grable, Mr. Redding, and the FLSA Collective overtime compensation.

51.

Defendant is aware that the Fair Labor Standards Act requires employers to compensate its employees for all hours worked at least in the amount of $7.25 per hour or "minimum wage."

52.

Not only did defendant fail to make, keep, maintain, and preserve accurate records of the hours worked by Mr. Grable, Mr. Redding, and the FLSA Collective, Defendant took affirmative steps to reduce the number of hours worked by Mr. Grable, Mr. Redding, and the FLSA Collective within its own records.

53.

After Mr. Grable, Mr. Redding, and the FLSA Collective questioned whether they were entitled to overtime or complained about the same, Defendant subjected said individuals to adverse actions such as reassignment to other work locations or by reducing the number of hours that they were scheduled to work.

54.

Defendant's unlawful conduct is widespread, repetitious, and consistent, adversely impacting Mr. Grable, Mr. Redding, and the FLSA Collective.

55.

Defendant's unlawful conduct is willful and in bad faith and has caused damages to Mr. Grable, Mr. Redding, and the FLSA Collective.  Defendant is aware that Mr. Grable, Mr. Redding, and the FLSA Collective performed non-exempt work that required overtime pay, performed work that was not compensated at a rate of at least $7.25 per hour, and were subjected to adverse actions when they complained about or questioned their compensation.

56.

Defendant is aware of the Fair Labor Standards Acts' overtime requirements, minimum wage requirements, and prohibitions regarding retaliation.

57.

Defendant is liable under the Fair Labor Standards Act for failing to properly compensate Mr. Grable, Mr. Redding, and the FLSA Collective and for subjecting them to retaliation.

58.

Notice of this action should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation under the Fair Labor Standards Act and/or been subjected to retaliation, who would benefit from a Court supervised notice of the lawsuit and opportunity to join the case.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**COUNT I:**
**FAILURE TO PAY OVERTIME PAY**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

59.

Plaintiffs hereby plead and incorporate by reference all of the allegations set forth in the Statement of Facts, Paragraphs 1 through 58, as if the same were set forth herein.

60.

Under the Fair Labor Standards Act, an employer must pay a rate of not less than one and one-half times an employee's regular rate for any time worked in excess of forty hours for any given workweek.  *See* 29 U.S.C. § 201(a)(1).

61.

As alleged herein, Defendant is an "enterprise" under the Fair Labor Standards Act.  *See* 29 U.S.C. § 203(r)(1).

62.

As alleged herein, Plaintiffs are non-exempt covered employees under the Fair Labor Standards Act. 29 U.S.C. § 203(e).

63.

Plaintiffs frequently worked in excess of forty (40) hours per workweek during the period of three years preceding the filing of this action.

64.

Defendant failed to pay Plaintiffs at the overtime rate for hours worked in excess of forty (40) hours per workweek during the period of three years preceding the filing of this action.

65.

Defendant's conduct, as alleged herein, constitutes withholding and/or failing to provide overtime pay in violation of the Fair Labor Standards Act.

66.

Plaintiffs have been injured by Defendant's actions and are entitled to an award of unpaid overtime compensation and all other damages allowed under the Fair Labor Standards Act, as well as reasonable attorney's fees and costs of litigation to be paid by Defendant pursuant to 29 U.S.C. § 216(b), in an amount to be proven at trial.

67.

Defendant knew the Fair Labor Standards Act's requirements with respect to overtime pay.

68.

Defendant knew that Plaintiffs worked in excess of forty (40) hours per workweek during the period of three years preceding the filing of this action.

69.

Defendant knew that Plaintiffs were not compensated at the appropriate rate of overtime during the period of three years preceding the filing of this action.

70.

Defendant not only failed to make and keep accurate records of time worked by Plaintiffs, Defendant took affirmative measures to alter Plaintiffs' records to avoid paying overtime.

71.

Defendant's refusal to pay overtime is willful, and Defendant has failed to operate in good faith.

72.

This Court should exercise its sound discretion to award liquidated damages pursuant to 29 U.S.C. § 260, and should award to Plaintiffs said liquidated damages in an amount equal to each person's award for unpaid overtime compensation.

**COUNT II:**
**FAILURE TO PAY MINIMUM WAGE**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

73.

Plaintiffs hereby plead and incorporate by reference all of the allegations set forth in the Statement of Facts, Paragraphs 1 through 58, as if the same were set forth herein.

74.

Pursuant to the Fair Labor Standards Act, an employer must pay an employee wages equivalent to $7.25 per hour.  29 U.S.C. § 206.

75.

As alleged herein, Defendant is an "enterprise" under the Fair Labor Standards Act.  *See* 29 U.S.C. § 203(r)(1).

76.

As alleged herein, Plaintiffs are non-exempt covered employees under the Fair Labor Standards Act. 29 U.S.C. § 203(e).

77.

Plaintiffs frequently worked hours for which they did not receive compensation during the period of three years preceding the filing of this action.

78.

As a result, Defendant failed to pay Plaintiffs at the rate of minimum wage, or sometimes not at all, during the period of three years preceding the filing of this action.

79.

Defendant's conduct, as alleged herein, constitutes failing to compensate employees at least at the rate of minimum wage in violation of the Fair Labor Standards Act.

80.

Plaintiffs have been injured by Defendant's actions and are entitled to an award of compensation at least at a rate of minimum wage and all other damages allowed under the Fair Labor Standards Act, as well as reasonable attorney's fees and costs of litigation to be paid by Defendant pursuant to 29 U.S.C. § 216(b), in an amount to be proven at trial.

81.

Defendant knew the Fair Labor Standards Act's requirements with respect to minimum wage.

82.

Defendant knew that Plaintiffs worked certain time in which they were not compensated at all during the period of three years preceding the filing of this action.

83.

Defendant knew that it failed to compensate Plaintiffs at least the rate of minimum wage during the period of three years preceding the filing of this action.

84.

Defendant not only failed to make and keep accurate records of time worked by Plaintiffs, Defendant took affirmative measures to alter Plaintiffs' records to avoid compensating Plaintiffs.

85.

Defendant's refusal to pay at least minimum wage is willful and Defendant has failed to operate in good faith.

86.

This Court should exercise its sound discretion to award liquidated damages pursuant to 29 U.S.C. § 260, and should award to Plaintiffs said liquidated damages in an amount equal to each person's award for compensation less than minimum wage.

## COUNT III:
## RETALIATION
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

87.

Plaintiffs hereby plead and incorporate by reference all of the allegations set forth in the Statement of Facts, Paragraphs 1 through 58, as if the same were set forth herein.

88.

Pursuant to the Fair Labor Standards Act, it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215.

89.

As alleged herein, Defendant is a person under the Fair Labor Standards Act. 29 U.S.C. § 203(a).

90.

As alleged herein, Plaintiffs are non-exempt covered employees under the Fair Labor Standards Act. 29 U.S.C. § 203(e).

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Kenneth Grable and Arthur Redding, individually and on behalf of all others similarly situated, respectfully pray for the following relief:

1) That Summons and Process be issued to Defendant CP Security Groups Inc, and that said Defendant be served as provided by law;

2) That the Court designate this action as a collective action on behalf of Plaintiffs, individually and on behalf of others similarly situated, and promptly issue notice pursuant to 29 U.S.C. § 203 216(b);

3) That this matter be tried before a jury;

4) That judgment be awarded for and in favor of Plaintiffs and against Defendant on Count I for Failure to Pay Overtime, and grant Plaintiffs all relief allowable under the Fair Labor Standards Act;

5) That judgment be awarded for and in favor of Plaintiffs and against Defendant on Count II for Failure to Minimum Wage, and grant Plaintiffs all relief allowable under the Fair Labor Standards Act;

6)      That judgment be awarded for and in favor of Plaintiffs and against Defendant on

Count III for Retaliation, and grant Plaintiffs all relief allowable under the Fair Labor Standards

Act;

7)      For such other relief as this Court shall deem just and proper.

Respectfully submitted, this 19th day of March, 2021.

KENNETH E. BARTON III
Georgia Bar No. 301171
JOHN M. MCCALL
Georgia Bar No. 778954
*Attorneys for Plaintiffs*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com
jmm@cooperbarton.com