IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KENNETH GRABLE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-95 (MTT) |
| | ) |
| C P SECURITY GROUPS, INC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiffs Kenneth Grable and Arthur Redding have filed numerous motions related to their continued effort to obtain information they think necessary to file a motion for default judgment. Doc. 12. The Court addresses each motion in turn.

### A. Motion for Service by the U.S. Marshal

The plaintiffs state that they have been unable to serve a subpoena on the defendant's registered agent. Doc. 12 ¶¶ 6-7, 9. The plaintiffs first attempted to serve the defendant's registered agent at his home in Jones County by the Jones County Sheriff's Office, but that effort was unsuccessful. *Id*. ¶ 6. Next, the plaintiffs attempted to serve the defendant's registered agent at his place of employment in Bibb County by the Bibb County Sheriff's Office. *Id*. ¶ 7. This presented a problem, however, because the defendant's registered agent is an employee of the Bibb County Sheriff's Office. *Id*. ¶ 9. Therefore, the plaintiffs contend the Bibb County Sheriff's Office may be unable or unwilling to serve the subpoena on the defendant's registered agent. *Id*. Thus, because neither the Jones County Sheriff's Office nor the Bibb County Sheriff's Office

has been able to perfect service of the subpoena on the defendant's registered agent, the plaintiff requests that the Court "issue an order that service be made by the United States Marshal Service." *Id*. ¶ 10.

The Court has the authority to issue such an order. An older version of the Federal Rules of Civil Procedure included a provision for Marshal service of subpoenas, but that provision has since been taken out because of its lack of use. *See* Fed. R. Civ. P. 45(b) Advisory Committee's Notes to 1991 amendment ("The reference to the United States marshal and deputy marshal is deleted because of the infrequency of the use of these officers for this purpose. Inasmuch as these officers meet the age requirement, they may still be used if available."). The Court has discretion to order Marshal service at other stages in a lawsuit as well. *See* Fed. R. Civ. P. 4(c) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.").

However, the Federal Rules of Civil Procedure do not require service of subpoenas by local law enforcement. In fact, service of subpoenas may be made by "[a]ny person who is at least 18 years old and not a party[.]" Fed. R. Civ. P. 45(b)(1). The plaintiffs previously used a private process server to serve the complaint and summons on the defendant's registered agent. Doc. 3. The Court doesn't see—and the plaintiffs haven't argued—why a non-law enforcement, private party cannot serve the subpoenas. Accordingly, the plaintiff's motion for service by the U.S. Marshal is **DENIED**.

### B. To Hold Non-Parties in Contempt of Court

The plaintiffs have also moved to hold two non-parties in contempt of court for ignoring subpoenas.  Doc. 12.  According to the plaintiffs, a subpoena was served on Intuit, Inc. d/b/a Intuit Payroll ("Intuit"), the company that manages the defendant's payroll.  Docs. 12 ¶ 5; 10-2.  Intuit did not respond to the subpoena.  Doc. 12 ¶ 5.  A subpoena was also properly served on Middle Georgia Management Group, LLC ("Middle Georgia").  *Id*. ¶ 9; 12-2.  Middle Georgia Management Group also did not respond to the subpoena.  Doc. 12 ¶ 8.

Rule 45 of the Federal Rules of Civil Procedure authorizes district courts to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  "Contempt sanctions may be applied both to a person who disobeys a subpoena-related order and one who fails entirely to obey a subpoena."  9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2465 (3d ed. 2021).  Usually, however, a court will issue an order for compliance with the subpoena before punishing a non-party with contempt of court.  "The more prudent practice for the court is to issue [an order directing compliance with the subpoena] before entertaining a motion for contempt."  *SEC v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2465 (3d ed. 2008)).  Further, the 2013 Advisory Committee Note to subsection (g) of Rule 45 states that "[i]n civil litigation it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena."

Here, the subpoenas appear to have been properly served on Intuit and Middle Georgia, and those non-parties have failed to respond by either complying or by timely objecting to the subpoenas pursuant to Rule 45.  Therefore, Intuit and Middle Georgia are **ORDERED** to comply with the subpoenas or show why compliance should not be required.  Intuit and Middle Georgia shall comply or otherwise respond within fourteen days of being served with this Order.  If Intuit and Middle Georgia do not respond to the subpoenas, then the plaintiffs may renew their contempt motion and a hearing will be set to determine an appropriate remedy.  The plaintiffs shall serve this Order on Intuit and Middle Georgia.

C. **Motion for Extension of Time**

Finally, the plaintiffs have requested a third extension to file their motion for default judgment.  Doc. 12.  This motion is **GRANTED**.  The plaintiffs shall file their motion for default judgment by August 27, 2021.

In conclusion, the plaintiffs' motion for service by the U.S. Marshal is **DENIED**, and the plaintiffs' motion for an extension to file their motion for default judgment is **GRANTED**.  Also, Intuit, Inc. d/b/a Intuit Payroll and Middle Georgia Management Group, LLC are **ORDERED** to comply with the subpoenas or show why compliance should not be required within fourteen days of being served with this Order.

**SO ORDERED**, this 6th day of August, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
