IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KENNETH GRABLE, *et al.*, ) <br> ) <br> ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> C P SECURITY GROUPS, INC., ) <br> ) <br> ) <br> **Defendant.** ) <br> ) | <br><br><br><br><br><br>CIVIL ACTION NO. 5:21-CV-95 (MTT) |

## ORDER

Plaintiffs Kenneth Grable and Arthur Redding have moved for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Doc. 17. For the following reasons, the motion is **GRANTED**.

### I. BACKGROUND

The plaintiffs are employed as security guards for Defendant C P Security Groups, Inc. Docs. 17-1 ¶ 3; 17-2 ¶ 3. The plaintiffs allege that all security guards who work for the defendant have similar job duties, including,

> traffic control, completing reports by recording observations and information, maintaining visibility to deter unacceptable activities, performing specific tasks as required by specific clients (e.g. checking employee badges, inspecting [and] logging information on vehicles entering and existing a facility, conducting walks of the perimeter of facilities and interior offices), assisting in securing premises and personnel by patrolling property and inspecting buildings and access points, interacting with clients' employees and the public, providing effective access and exit controls, promoting safety to prevent accidents, being alert to observe safety hazards, providing building and premise security, and enforcing policies and procedure.

Docs. 17-1 ¶ 8; 17-2 ¶ 8.

The plaintiffs allege they, along with other security guards employed by the defendant, were not compensated overtime pay when they worked more than forty hours a week.  Docs. 17-1 ¶ 15; 17-2 ¶ 15.  When the plaintiffs inquired about this compensation issue, the defendant cut their hours.  Docs. 17-1 ¶ 17; 17-2 ¶ 17.

Based on these allegations, the plaintiffs filed a complaint against the defendant on behalf of themselves and others similarly situated on March 19, 2021.  Doc. 1.  The defendant has not answered the complaint, and the clerk entered default against the defendant on June 3, 2021.[1]

The plaintiffs have now moved for conditional certification of a class defined as

> [a]ll persons who worked for Defendant as Security Officers, or other positions with similar titles and/or duties, who: 1) worked in excess of forty hours in a workweek, but were not compensated at a rate of time-and-one-half, at any time in the three (3) years prior to the commencement of this action; 2) were not compensated at least at a rate of minimum wage for any hours actually worked at any time in the three (3) years prior to the commencement of this action; and/or 3) questioned Defendant about matters involving compensation or complained, either internally or externally, about their compensation and were then subjected to some adverse action as a result[.]

Doc. 17 at 4.  The plaintiffs also request that the Court order the defendant to produce a list with contact information for the putative collective class to facilitate notice.  *Id*. at 1.  Finally, the plaintiffs seek approval of their form of notice to the putative collective class.  *Id*.  The defendant did not respond, and no attorney has made an appearance on its behalf.[2]

---

[1] The Court stayed the plaintiffs' deadline to move for default judgment pending this motion to certify a collective action.

[2] Because it is a corporation, the defendant cannot participate in legal proceedings without representation.  *Palazzo v. Gulf Oil Corp*., 764 F.2d 1381, 1384 (11th Cir. 1985).

## II. STANDARD

The FLSA requires covered employers to pay overtime compensation to non-exempt employees who work more than forty hours in a workweek.  29 U.S.C. § 207(a).  Section 216(b) provides these employees a right of action against their employers for violations of Section 207.  That action may be brought by employees either individually or in a collective action on behalf of themselves "and other employees similarly situated."  29 U.S.C. § 216(b).  In a prospective collective action brought under § 216(b), potential plaintiffs must affirmatively opt into the action by filing their written consent with the court.  *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001).  "The decision to create an opt-in class under § 216(b) … remains soundly within the discretion of the district court."  *Id.* at 1219 (citations omitted).[3]

The Eleventh Circuit sets out a two-step approach to certify a collective action under § 216(b).[4]  *Id.*  At the first "notice stage," which is relevant here, the Court determines whether notice of the action should be given to potential class members.  *Id.* at 1218 (citation omitted).  In making this determination, the court must ask whether there are other employees who desire to opt in and whether those employees are similarly-situated with respect to their job requirements and pay provisions. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)).  The plaintiffs

---

[3] While *Hipp* involved a collective action under the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*, that statute incorporates the FLSA's collective action provision.  Thus, *Hipp* "applies in both contexts."  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 n.37 (11th Cir. 2008) (quotation marks and citations omitted).

[4] But as the Eleventh Circuit in *Mickles v. Country Club Inc.* emphasized, this approach is merely a suggestion for district courts "to better manage § 216 cases."  887 F.3d 1270, 1276 (11th Cir. 2018) (quotation marks and citation omitted).

bear the burden of demonstrating a reasonable basis for the claim that there are other similarly-situated employees who desire to opt into the litigation.  *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983).  Because the Court usually relies only on the pleadings and any affidavits submitted by the parties, "a fairly lenient standard" is applied, which "typically results in conditional certification of a representative class." *Hipp*, 252 F.3d at 1218 (quotation marks and citation omitted).  If the class is conditionally certified, putative class members are given notice and an opportunity to opt into the action, and the "action proceeds as a representative action throughout discovery."  *Id.*

 The second stage of the certification process is "typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial."  *Id.*  Because at this stage the court has a more extensive and detailed factual record, the standard to show substantial similarity is "less lenient, and the plaintiff bears a heavier burden."  *Morgan*, 551 F.3d at 1261 (citations omitted).  If the Court determines at the second stage that the class representatives (original plaintiffs) and the opt-in plaintiffs are similarly-situated, the collective action proceeds to trial on the merits.  *Hipp*, 252 F.3d at 1218 (quotation marks and citation omitted).  If they are not similarly-situated, generally the collective action becomes decertified, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims.  *Id.*

### III. DISCUSSION

#### A. Desire to Opt in

So far, only two security officers employed by the defendant, the named plaintiffs themselves, have filed consents to join this action.  Doc. 1.  The plaintiffs argue that this is sufficient evidence "to demonstrate other potential employees' interest in opting-in to this lawsuit."  Doc. 17 at 6.  While the number of employees who have opted in is small, the Court is nonetheless satisfied that the plaintiffs have carried their light burden at this stage in establishing that there are other employees who potentially may desire to opt into this litigation.  *See Albert v. HGS Colibrium*, 2017 WL 1682528, at 3 (N.D. Ga. May 3, 2007) (finding that because two individuals had opted into the litigation, "[t]his shows that former employees seek to be members of a collective action, and the desire to opt-in criteria is met").

#### B. Similarly-Situated

Next, the plaintiffs must establish that they are similarly-situated to the members of the putative class members.  "For purposes of conditional certification, plaintiffs may show either (1) that their job positions and duties are similar to those positions held by the putative class members … or (2) that plaintiffs and the putative class members were all subject to the same unified policy, plan, or scheme that forms the basis of the alleged FLSA violations."  *Eyo v. Ace High Marketing, LLC*, 2020 WL 8224928, at *4 (N.D. Ga. Nov. 23, 2020) (citing *Hipp v. Lib. Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1262, 1262-64 (11th Cir. 2008)).

Here, the plaintiffs allege that they, along with the putative class members, were employed by the defendant as private security officers.  Docs. 17-1 ¶ 3; 17-2 ¶ 3.  Moreover, the plaintiffs allege that they, like other security officers, often worked more than forty hours a week but were not compensated at a rate of time-and-a-half.  Docs. 17-1 ¶ 15; 17-2 ¶ 15. Based on this record, the Court is satisfied that the plaintiffs have met their burden to establish a reasonable basis that they are similarly situated to putative class members.

### C. Notice

Attached to their motion for conditional certification is the plaintiffs' proposed notice to putative class members.  Doc. 17-3.  Having granted the conditional certification, counsel may send this notice to putative class members.  To facilitate the notice to putative class members, the defendant is ordered to provide the plaintiffs' counsel with an electronic list of all persons employed by defendant as security officers from March 19, 2018 to the present.  This list should include the employees' names, work and personal email addresses, mailing addresses, and dates of employment.  The defendant will be subject to contempt proceedings if it disobeys this Court's order and fails to produce this employee information within thirty days of being served with this order.

### IV. CONCLUSION

Therefore, for the reasons stated above the plaintiffs' motion for conditional certification (Doc. 17) is **GRANTED**.  Further, the plaintiffs' proposed notice to putative class members (Doc. 17-3) is **APPROVED**, and the defendant is **ORDERED** to provide

the information detailed above to the plaintiffs' counsel within thirty days.  **Plaintiffs' counsel shall ensure that the defendant receives actual notice of this order.**

**SO ORDERED**, this 14th day of January, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
