IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KENNETH GRABLE and ARTHUR REDDING, individually and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>C P SECURITY GROUPS, INC,<br><br>　　Defendant. | Civil Action No.:<br><br>5:21-cv-00095-MTT |

**RENEWED MOTION FOR CONTEMPT**

COME NOW Plaintiffs Kenneth Grable and Arthur Redding (hereinafter, collectively, "Plaintiffs"), by and through the undersigned counsel, and renew their Motion seeking for the Court to enter an order holding Defendant C P Security Groups, Inc. (hereinafter, "Defendant") in contempt of Court for failing to provide information concerning putative class members and failing to reimburse expenses incurred in serving process, both as previously ordered by the Court, respectfully showing the Court as follows:

1.

As the Court is aware, Defendant – despite being served with process, despite being served with Subpoenas, despite being served with several of this Court's Orders – has completely and entirely ignored all aspects of this litigation. On June 3, 2021, after Defendant had been served but failed to file a responsive pleading, the Clerk of Court entered Default against Defendant. The Court subsequently extended Plaintiffs' time in which to seek default judgment on June 24, 2021. (Doc. 9.) In the intervening time, and with leave of Court, Plaintiffs served several Subpoenas on Defendant and third parties, seeking documents in support of Plaintiffs' damages. On October 25,

2021, Plaintiffs filed their Motion for Conditional Certification and Court-Facilitated Notice (Doc. 17), and the Court granted that Motion on January 14, 2022 (Doc. 20).  Previously, Plaintiffs filed their Motion seeking reimbursement of expenses they incurred in serving process (Doc. 4), and the Court granted that Motion on January 25, 2022 (Doc. 22).

2.

In the Court's Order granting Plaintiffs' Motion for Conditional Certification, Plaintiffs were tasked with ensuring that Defendant received actual notice of the Order. (Doc. 20 at 6.)  Once Defendant received said Order, it had thirty days to provide certain information concerning Defendant's employees. (*Id.* at 6-7.)

3.

Plaintiffs sent the Order by Certified Mail (USPS Tracking No. 7020 2450 0001 3668 0341), and that was delivered to Defendant on January 22, 2022. Plaintiffs then had Defendant served personally with the Order, through its Registered Agent, on January 24, 2022. (Doc. 21.)

4.

As of March 1, 2022 when Plaintiffs initially filed their Motion for Contempt (Doc. 23), which was more than thirty-days from Defendant's receipt of the Order, Defendant failed to produce any information to Plaintiffs, or for that matter, provide any communications to Plaintiffs.

5.

Similarly, when the Court granted Plaintiffs' request for reimbursement of service costs, the Court advised Plaintiffs to provide actual notice of the Order to Defendant, and the provided Defendant to pay the amount of $515.00 within thirty days of being served with the Order. (Doc. 22 at 3.)

6.

On January 26, 2022, Plaintiff sent a copy of said Order to Defendant's Registered Agent using his last known email address. (Doc. 23-1.) Additionally, Plaintiffs served a copy of the correspondence including the Order by United States Postal Service Certified Mail. While Plaintiffs have not received the Return Receipt, according to USPS records, this correspondence (USPS Tracking No. 702024500001 668 3847) was delivered to Defendant's Registered Address on January 26, 2021, at 3:18 pm. (Doc. 23-2.)

7.

As of March 1, 2022, when Plaintiffs initially filed their Motion for Contempt (*see* Doc. 23), more than thirty-days had elapsed from Defendant's receipt of the Court's Order, but Defendant failed to reimburse said service expenses or tender any funds to Plaintiffs.

8.

As a result of the foregoing, Defendant had entirely failed to comply with the Court's directive to provide a list of all persons employed as security officers from March 19, 2018 to the present, with their contact information and dates of employment, within the time prescribed by the Court. (*See* Doc. 20 at 6.)

9.

Similarly, Defendant had entirely failed to pay to Plaintiffs $515.00, as also directed by the Court. (*See* Doc. 22 at 3.)

10.

Given that the Court has inherent power to enforce compliance with its lawful order through civil contempt, *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th

Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)), Plaintiffs filed their Motion for Contempt on March 1, 2022. (*See* Doc. 23.)

11.

Particularly in light of Defendant's blatant disregard for all things related to this litigation thus far, Plaintiffs argued that they had established clear and convincing evidence that Defendant had actual notice of the Court's aforementioned Orders, and even assuming that Defendant was to appear, Defendant would be unable to produce any evidence reflecting any valid or legitimate reason for Defendant's non-compliance.  In all, Plaintiffs argued that Defendant would not be able to show proof demonstrating an inability to comply with the Court's directives, and certainly not be able to show that Defendant made in good faith all reasonable efforts to comply. *See Watkins*, 943 F.2d at 1301.  Plaintiff also argued that Defendant had blatantly and willfully refused to comply with this Court's Orders, and that the Court would be well within its discretion to issue an order of civil contempt against Defendant.

12.

On July 21, 2022, the Court held a hearing on Plaintiff's Motion for Contempt. (*See* Doc. 32.)  Defendant was represented during the proceedings by counsel; however, since the date of this hearing, Defendant's purported counsel has not filed any notice of appearance in this action.

13.

Defendant represented to the Court during such hearing that it was prepared to pay to Plaintiffs the amount representing reimbursement of service costs that the Court had previously ordered Defendant to pay (*see* Doc. 22 at 3). (Doc. 32.) Soon after the hearing, Defendant indeed tendered these amounts to Plaintiffs through counsel.

14.

During the same hearing on Plaintiffs' Motion for Contempt, Defendant's apparent counsel represented that he would speak with his client on complying with the Court's directive to produce the aforementioned documents pertaining to Defendant's employees. (*See* Doc. 32.)

15.

As a result of Defendant's representations, the Court continued the hearing on Plaintiffs' Motion for Contempt. (*Id.*)

16.

By August 5, 2022, Defendant still had not produced the documents to Plaintiffs. As a result, Plaintiffs sent correspondence to Defendant following up concerning Defendant's production of the relevant documents. (Doc. 34-1.) Plaintiffs received no response to their August 5, 2022 email.

17.

As of the date of the instant Renewed Motion, approximately 41 days have elapsed from the contempt hearing (*see* Doc. 32), 152 days have elapsed since the Court threatened to hold Defendant in contempt and impose a daily fine of $1,000 (*see* Doc. 24), and 229 days have passed since the Court initially ordered Defendant to produce said documents (*see* Doc. 20).

18.

As of the date of the instant Renewed Motion, Defendant has failed to produce any of the documents as ordered by the Court.

19.

On August 29, 2022, the Court entered an Order denying Plaintiffs' Motion for Contempt because no information about Defendant's production of documents had been reported to the Court. (Doc. 33.)[1]  Plaintiffs now advise the Court that Defendant has failed to comply with its directive to produce the aforementioned documents and respectfully request that the Court hold Defendant in contempt.

WHEREFORE, Plaintiffs Kenneth Grable and Arthur Redding respectfully request that the Court find that Plaintiffs have shown through clear and convincing evidence that Defendant has violated this Court's January 14, 2022 Order (Doc. 20), and the Court's April 24, 2022 Order (Doc. 24), and the Court's directives during the contempt hearing (Doc. 32), and that the Court should further exercise its discretion to hold Defendant C P Security Groups, Inc. in contempt of Court and issue any and all fines and penalties as the Court may deem appropriate, and continue holding said Defendant in contempt until it has complied with this Court's outstanding Orders.

Respectfully submitted, this 31st day of August, 2022.

                                                                               KENNETH E. BARTON III
                                                                               Georgia Bar No. 301171
                                                                               M. DEVLIN COOPER
                                                                               Georgia Bar No. 142447
                                                                               *Attorneys for Plaintiffs*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com
mdc@cooperbarton.com

---

[1] After the contempt hearing, it was not clear to Plaintiffs that the Court was requesting or requiring Plaintiffs, or any party, to report whether Defendant had produced said documents by any specific date.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing RENEWED MOTION FOR CONTEMPT to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following counsel of record, who is/are CM/ECF participant(s):

Melvin Raines II, Esq.
4061 Broadway
Macon, Georgia 31206
mrainesesq@gmail.com
*Attorney for Defendant*

This 31st day of August, 2022.

                                            KENNETH E. BARTON III
                                            Georgia Bar No. 301171
                                            M. DEVLIN COOPER
                                            Georgia Bar No. 142447
                                            *Attorneys for Plaintiffs*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com
mdc@cooperbarton.com